## UNITED STATES DISTRICT COURT
## DISTRICT OF NEBRASKA

**UNITED STATES OF AMERICA**
        **Plaintiff**

**v.**                                      **Case Number 8:99CR202-001**

                                            **USM Number 16212-047**

**TERRY MOUNTAIN**
                **Defendant**

                                            **DONALD L.  SCHENSE**

                                            **Defendant's Attorney**

_____

### JUDGMENT IN A CRIMINAL CASE
#### (For Revocation of Probation or Supervised Release)

**THE DEFENDANT** admitted guilt to violation of the Mandatory Condition and Standard Condition Number 8 of the term of supervision.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offenses:

| Violation Number | Nature of Violation | Date Violation Concluded |
|---|---|---|
| 1 | The offender committed another local crime | September 23, 2008 |
| 2 | Possession of marijuana | September 23, 2008 |
| 3 | Tested positive for cocaine metabolite and cannabis (THC). | December  5, 2008 |

The defendant is sentenced as provided in pages 2 through 5 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Following the imposition of sentence, the Court advised the defendant of the right to appeal pursuant to the provisions of Fed. R. Crim. P. 32 and the provisions of 18 U.S.C. § 3742 (a) and that such Notice of Appeal must be filed with the Clerk of this Court within ten (10) days of this date.

**IT IS ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Sentence:
January 12, 2009

s/ Laurie Smith Camp
United States District Judge

January 16, 2009

Defendant: Terry Mountain                                     Judgment-Page 2 of 5
Case Number: 8:99CR202-1

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **one (1) day.**

[X]     The defendant is remanded to the custody of the United States Marshal until the end of the day, at which time he will be released.

## ACKNOWLEDGMENT OF RECEIPT

I hereby acknowledge receipt of a copy of this judgment this _____ day of _____, 19_____.

_____
Signature of Defendant

## RETURN

It is hereby acknowledged that the defendant was delivered on the _____ day of _____, 19_____ to _____ with a certified copy of this judgment.

_____
UNITED STATES WARDEN

By: _____

**NOTE:  The following certificate must also be completed if the defendant has not signed the Acknowledgment of Receipt, above.**

## CERTIFICATE

It is hereby certified that a copy of this judgment was served upon the defendant this _____ day of _____, 19____.

_____
UNITED STATES WARDEN

By: _____

Defendant: Terry Mountain                                              Judgment-Page 3 of 5
Case Number: 8:99CR202-1

## SUPERVISED RELEASE

      Upon release from imprisonment, the defendant shall be on supervised release for the remainder of his term of supervised release that will last through **August 1, 2012**.

      While on supervised release, the defendant shall not commit another Federal, state, or local crime and shall comply with the standard conditions that have been adopted by this court (set forth on the following page.)  If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release.  The defendant shall comply with the following additional conditions:

1.     The defendant shall submit to testing requested by any person involved in monitoring the defendant's supervision, that is, testing to detect the presence of controlled substances in the defendant's bodily fluids in order to determine whether the defendant has consumed, or reverted to use of, any prohibited substance.

2.     The defendant shall be subject to the search of the defendant's premises, vehicle or person, day or night, with or without a warrant, at the request of the United States Probation officer to determine the presence of controlled substances, firearms or any other contraband.  Any such items found may be seized by the United States Probation officer.  This condition may be invoked with or without the cooperation of law enforcement officers.

3.     The defendant shall pay for, attend and participate in an inpatient or outpatient mental health program, as directed by the United States Probation officer.

4.     The defendant shall provide the United States Probation officer with access to any requested financial information.

5.     Pursuant to 18 U.S.C. § 3583(d), the defendant shall submit to a drug test within fifteen (15) days of release on supervised release and at least two (2) periodic drug tests thereafter to determine whether the defendant is using a controlled substance.  Further, the defendant shall submit to such testing as requested by any United States Probation officer to detect the presence of controlled substances in the defendant's body fluids and to determine whether the defendant has used any of those substances.  The defendant shall pay for the collection of urine samples to be tested for the presence of  controlled substances.

6.     The defendant shall report to the Supervision Unit of the United States Probation Office for the District of Nebraska between the hours of 8:00 a.m. and 4:30 p.m., 215 North 17th Street, Room 7005, Omaha, Nebraska, (402) 221-4785, within seventy-two (72) hours of release from confinement.

## STANDARD CONDITIONS OF SUPERVISION

      While the defendant is on probation or supervised release pursuant to this Judgment:

1)     the defendant shall not commit another Federal, state or local crime;
2)     the defendant shall not leave the judicial district without the permission of the court or probation officer;
3)     the defendant shall report to the probation officer as directed by the court or the probation officer and shall submit a truthful and complete written report within the first five days of each month;

Defendant: Terry Mountain                                                       Judgment-Page 4 of 5
Case Number: 8:99CR202-1

4)      the defendant shall answer truthfully all inquiries by the probation officer and follow the
        instructions of the probation officer;
5)      the defendant shall support his or her dependents and meet other family responsibilities
        (including, but not limited to, complying with the terms of any court order or administrative process
        pursuant to the law of a state, the District of Columbia, or any other possession or territory of the
        United States requiring payments by the defendant for the support and maintenance of any child
        or of a child and the parent with whom the child is living);
6)      the defendant shall work regularly at a lawful occupation unless excused by the probation officer
        for schooling, training, or other acceptable reasons;
7)      the defendant shall notify the probation officer at least ten days prior to any change in residence
        or employment;
8)      the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use,
        distribute, or administer any narcotic or other controlled substance, or any paraphernalia related
        to such substances, except as prescribed by a physician;
9)      the defendant shall not frequent places where controlled substances are illegally sold, used,
        distributed, or administered or other places as specified by the court;
10)     the defendant shall not associate with any persons engaged in criminal activity, and shall not
        associate with any person convicted of a felony unless granted permission to do so by the
        probation officer;
11)     the defendant shall permit a probation officer to visit the defendant at any time at home or
        elsewhere and shall permit confiscation of any contraband observed in plain view by the probation
        officer;
12)     the defendant shall notify the probation officer within seventy-two hours of being arrested or
        questioned by a law enforcement officer;
13)     the defendant shall not enter into any agreement to act as an informer or a special agent of a law
        enforcement agency without the permission of the court;
14)     as directed by the probation officer, the defendant shall notify third parties of the risks that may
        be occasioned by the defendant's criminal record or personal history or characteristics, and shall
        permit the probation officer to make such notifications and to confirm the defendant's compliance
        with such notification requirements;
15)     the defendant shall not own, possess or control any firearms or ammunition, destructive devices
        or dangerous weapons;
16)     the defendant shall pay any special assessment, fine, or restitution obligation imposed by this
        judgment that remains unpaid at the commencement of the term of probation or supervised
        release in accordance with the payment schedule of criminal monetary penalties set forth in this
        judgment; and
17)     the defendant shall notify the probation officer of any material change in the defendant's economic
        circumstances that might affect the defendant's ability to pay any unpaid amount of restitution,
        fines, or special assessments.

        These conditions are in addition to any other conditions imposed by this Judgment.

Defendant: Terry Mountain                                    Judgment-Page 5 of 5
Case Number: 8:99CR202-1

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in this judgment.

|         | **Restitution** | **Assessment**   | **Fine** |
|---------|-----------------|------------------|----------|
| Totals: | $               | $ 200.00 (PAID)  | $        |

If applicable, restitution amount ordered
pursuant to plea agreement. . . . . . . . . . . . .        $

(X)     The court has determined that the defendant does not have the ability to pay interest and it is ordered that:

      (X)     The interest requirement is waived.
      ()      The interest requirement is modified as follows:

_____

CLERK'S OFFICE USE ONLY:

ECF DOCUMENT

I hereby attest and certify this is a printed copy of a
document which was electronically filed with the
United States District Court for the District of Nebraska.

Date Filed:_____

DENISE M. LUCKS, CLERK

By _____Deputy Clerk